No. 26-6166

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC., *et al.*,

*Plaintiffs-Appellees*,

v.

BRIAN T. SHELLEM, in his official capacity as Chairman of the Oklahoma Statewide Charter School Board, *et al.*,

*Defendants-Appellants*.

On appeal from the United States District Court
for the Western District of Oklahoma
The Hon. David L. Russell
No. 5:26-cv-00582-R

# Motion of the State of Oklahoma, ex rel. Attorney General Gentner Drummond, for Leave to Appear and to Dismiss the Appeal for Lack of Appellate Jurisdiction

The State of Oklahoma, appearing through Attorney General Gentner Drummond (the "State"), moves under Federal Rule of Appellate Procedure 27 and Tenth Circuit Rule 27.3(A)(1)(a) for leave to appear in this appeal and to dismiss it for lack of appellate jurisdiction. The appellants, the members and officers of the Oklahoma Statewide Charter School Board (the "Board"), appeal from a preliminary injunction they asked the district court to enter. A party that requests an order and receives it is not aggrieved by that order and cannot appeal from it. The appeal should

be dismissed, and briefing should be suspended under Tenth Circuit Rule 27.3(C) while the motion is decided.

## I. Background.

Plaintiffs sued the Board's members and officers in their official capacities, together with the Attorney General, seeking a declaration that the nonsectarian requirement of the Oklahoma Charter Schools Act, OKLA. STAT. tit. 70, § 3-136(A)(2), violates the Free Exercise Clause and an injunction against its enforcement. The Attorney General was dismissed on his own motion because the Act vests the authority to act on charter applications in the Board alone. Dist. Ct. Doc. 90 (Ex. 1). Two groups of private citizens, Oklahoma taxpayers and parents of charter school students, were permitted to intervene as defendants. Dist. Ct. Doc. 89 (Ex. 2). In granting intervention, the district court found that the Board "does not oppose Plaintiffs' requested relief and has previously expressed its disagreement with the *Drummond* decision," that the intervenors "would be the only litigants seeking to defend the constitutionality of the challenged statute," and that there was a "lack of adverseness amongst the existing parties." Ex. 2 at 5, 8, 10–11.

The Board did not oppose Plaintiffs' motion for a preliminary injunction. It supported it. The Board told the district court that it "believed—and still believes—that denying Ben Gamla's otherwise-qualified revised application solely because of its religious character would violate the Free Exercise Clause of the United States Constitution." Dist. Ct. Doc. 63 at 6 (Ex. 3). It argued that Plaintiffs were likely to

succeed on the merits, that the remaining factors favored an injunction, and, under a separate heading, that "[a]n injunction is necessary for Board Members to comply with their oath of office." *Id.* at 18–22. Its conclusion was one sentence: "This Court should grant Plaintiffs' motion for preliminary injunction." *Id.* at 22.

On September 24, 2026, the district court did so. It enjoined the Board from enforcing the nonsectarian requirement or otherwise excluding Plaintiffs from the charter school program on account of their religious character. Dist. Ct. Doc. 121 (Ex. 4). The court noted that the Board "does not oppose Plaintiffs' requested relief," and found a justiciable controversy only because the Board, while agreeing with Plaintiffs, had not granted their application. Ex. 4 at 7 & n.7 (citing *United States v. Windsor*, 570 U.S. 744, 756 (2013)). The intervenor-defendants, who did oppose the injunction, did not appeal.

On October 23, 2026, the Board filed a notice of appeal "from the order granting Plaintiffs' request for a preliminary injunction entered on September 24, 2026." Dist. Ct. Doc. 125 (Ex. 5). The appeal was docketed on October 26, 2026. The State files this motion within fourteen days of docketing, as Tenth Circuit Rule 27.3(A)(3)(a) requires for a jurisdictional motion to dismiss.

## II. The State May Be Heard on the Court's Jurisdiction.

The Attorney General is the chief law officer of Oklahoma, charged "[t]o appear for the state and prosecute and defend all actions and proceedings in any of the federal courts in which the state is interested as a party," and "[t]o initiate or appear in any

action in which the interests of the state or the people of the state are at issue." OKLA. STAT. tit. 74, § 18b(A)(2)–(3). The Oklahoma Supreme Court has held that this authority exists independently of the litigating positions of other state officers: "[b]y virtue of his office, the Attorney General may act independently … and represent such segment of the State's interest not represented by" another officer who is a party, and the federal court determines "that portion of the State's interests, if any, which warrants additional involvement by the Attorney General." *Cherokee Nation v. U.S. Dep't of Interior*, 564 P.3d 58, 74 (Okla. 2025). The Attorney General reserved this appearance when he sought dismissal as a defendant. Dist. Ct. Doc. 52 at 1 n.1 (Ex. 6). He does not seek to control the Board's defense or displace its counsel. He seeks to be heard for the State on a question no party to this appeal will raise.

That question is jurisdictional, and this Court must decide it whether or not any party raises it. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). The appellees agree with the appellants. The intervenor-defendants did not appeal and have no obligation to defend the order against the party that requested it. The State is the only litigant whose interest lies in the integrity of a federal order entered against a state agency at that agency's request. The State therefore asks for leave to appear as a party, as intervenor in support of the judgment, for the limited purpose of this motion and any further proceedings on the question of the Court's jurisdiction. In the alternative, the State asks that this motion be treated as a brief of amicus curiae, which a State may

file without leave, Fed. R. App. P. 29(a)(2), and as a suggestion that the Court dismiss the appeal on its own motion under Tenth Circuit Rule 27.3(B).

## III. The Board Is Not Aggrieved by the Order It Requested and Cannot Appeal from It.

28 U.S.C. § 1292(a)(1) permits an appeal from an interlocutory order granting an injunction, but only by a party aggrieved by that order. "A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980). This Court applies the same rule: "A party generally cannot appeal from a judgment in its favor." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). And the Supreme Court has "generally declined to consider cases at the request of a prevailing party, even when the Constitution allowed [it] to do so." *Camreta v. Greene*, 563 U.S. 692, 703–04 (2011).

The rule is at its core an application of Article III of the U.S. Constitution. Article III "demands that an 'actual controversy' persist throughout all stages of litigation," and standing "must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (internal quotation omitted); *accord Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662–63 (2019). A party invoking this Court's jurisdiction must therefore show an injury of its own from the order it appeals. The district court recognized as much in this case when it observed that an intervenor must establish independent Article III standing

when it is "independently invoking a federal court's jurisdiction, such as by appealing a decision the preexisting parties do not challenge." Ex. 2 at 4 (citing *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020), and *Bethune-Hill*, 587 U.S. at 663).

The Board cannot make that showing. It did not merely decline to oppose the injunction; it asked for it, in its own name, on the ground that its members' oaths of office required it. Ex. 3 at 6, 22. The order the Board appeals grants the motion the Board asked the court to grant. The Board received all that it sought. It is not aggrieved.

The exception for a prevailing party that obtains only part of the relief it requested does not apply. *See Forney v. Apfel*, 524 U.S. 266, 271 (1998); *Amazon*, 273 F.3d at 1275. The Board requested no relief of its own. It asked that Plaintiffs' motion be granted, and it was granted in full. Nor does the Board have the kind of ongoing "personal stake" in an adverse ruling that permitted review in *Camreta*, where a prevailing officer sought to overturn a constitutional holding that would govern his future conduct. 563 U.S. at 701–03. The holding the Board would ask this Court to review is the one the Board urged. A party cannot manufacture a stake in reversing a ruling it requested.

The Board's consent independently forecloses the appeal. A decree entered by consent is not subject to review on appeal absent a claim of lack of actual consent, fraud in its procurement, or lack of jurisdiction in the court that entered it. *Swift & Co. v. United States*, 276 U.S. 311, 324 (1928). The Board's written submission asking the court

to grant the injunction is consent in every sense that matters, and the Board does not and cannot contend that the district court lacked jurisdiction to enter the order it requested.

**IV. The Appeal Presents No Case or Controversy Between Adverse Parties.**

The absence of an aggrieved appellant is compounded by the absence of an adverse appellee. Plaintiffs asked for the injunction; the Board asked for the injunction; the district court entered it. On appeal, the appellants and the appellees agree that the order was correct. Whatever the Board asks this Court to do, Plaintiffs will not oppose it, and the intervenor-defendants, who did not appeal, have no obligation to defend an order they opposed against the party that requested it. Article III requires that an "actual controversy" between adverse parties "persist throughout all stages of litigation," not merely at the time the complaint is filed, *Hollingsworth*, 570 U.S. at 705, and "the opposing party also must have an ongoing interest in the dispute, so that the case features that concrete adverseness which sharpens the presentation of issues." *Camreta*, 563 U.S. at 701 (internal quotation omitted). There is none here.

*Windsor* does not supply one. The district court relied on *Windsor* to find a controversy in the district court because the Board, though it agreed with Plaintiffs' legal position, "refus[ed] to give it effect" by declining to grant the application. Ex. 4 at 7 n.7 (quoting *Windsor*, 570 U.S. at 756); Ex. 2 at 5 n.2 (same). That reasoning has no application to the Board's appeal. In *Windsor* the Government appealed from a judgment it agreed with because the judgment ordered it to pay a refund it was still

withholding; the appeal was the vehicle through which the Government would be required to act. 570 U.S. at 756–58. The Board is under no comparable compulsion. The order enjoins it from doing something it has told the court it does not wish to do. The Board has complied with the order; it is withholding nothing from Plaintiffs that the order requires it to provide; and it has identified no respect in which the order requires anything of it that it disputes. An appeal by a party that agrees with the order, has complied with the order, and seeks nothing from the appellee is not a case or controversy under any reading of *Windsor*.

## V. Nothing the Board Might Seek on Appeal Is Properly Before This Court.

The Board's notice of appeal identifies no error. To the extent the Board's grievance is that the district court's order does not go far enough, that is a grievance with the relief Plaintiffs sought, which the Board supported, and only Plaintiffs could have appealed from a denial of relief they requested. To the extent the Board contends that circumstances have changed since the order was entered, the Board's remedy is a motion in the district court to modify or clarify the injunction, which it has not made. Section 1292(a)(1) permits an appeal from an order "refusing to dissolve or modify" an injunction; it does not permit an appeal from an injunction that a party has never asked the district court to modify. 28 U.S.C. § 1292(a)(1). And to the extent the Board's concern arises from the Oklahoma Attorney General's construction of the Oklahoma Charter Schools Act in Opinion 2026-17, that is a question of state law that this appeal cannot resolve. The Opinion construes the Act, expressly declines to address whether

the injunction obligates the Board to take any further action, and leaves that question to the district court. The Board has not asked the district court to answer it.

## VI. Briefing Should Be Suspended and the Appeal Dismissed.

Under Tenth Circuit Rule 27.3(C), the filing of a motion under Rule 27.3(A) suspends the briefing schedule unless the Court orders otherwise. The State asks that briefing remain suspended until this motion is decided. If the Court concludes that the State lacks party status to move under Rule 27.3(A), the State asks that the Court treat this filing as a suggestion of lack of jurisdiction and proceed under Rule 27.3(B), with notice to the parties and, if the Court finds it useful, memorandum briefs limited to the jurisdictional question.

## Conclusion

The State respectfully requests that the Court grant it leave to appear, dismiss the appeal for lack of appellate jurisdiction, and suspend briefing pending its decision.

Respectfully submitted,

*s/Garry M. Gaskins, II*

GARRY M. GASKINS, II
*Solicitor General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Garry.Gaskins@oag.ok.gov
*Counsel for the State of Oklahoma*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because—excluding the portions exempted by Fed. R. App. P. 32(f)—it contains 2,214 words. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Garamond) using Microsoft Word 2016.

s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II

## CERTIFICATE OF DIGITAL SUBMISSION

All required privacy redactions have been made as required by 10th Cir. R. 25.5 and the ECF Manual. Additionally, this filing was scanned with the most updated Crowdstrike antivirus software.

s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II

## CERTIFICATE OF SERVICE

I certify that on November 2, 2026, I caused the foregoing to be filed with this Court and served on all parties via the Court's CM/ECF filing system.

s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II