No. 26-6166

**IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC.; PETER DEUTSCH,

*Plaintiffs-Appellees*,

v.

BRIAN T. SHELLEM, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE OKLAHOMA STATEWIDE CHARTER SCHOOL BOARD; AMBER HIDY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD; BRITNI TOMCHO, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD; DAMON GARDENHIRE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD; DAVID RUTKAUSKAS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD; DR. KITTY CAMPBELL, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD; JARED BUSWELL, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD; LINDEL FIELDS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD; WILLIAM PEARSON, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE STATEWIDE CHARTER SCHOOL BOARD,

*Defendants-Appellants,*

and

DANIEL KAIMAN; BRADLEY ARCHER; ERIKA DUBOSE; SYDNEY GEBHARDT; KARA JOY MCKEE; MICHELE MEDLEY; GENE PERRY; CRICKET MOORE; CATHLEEN TICHENOR; DANIEL HENSLEY; LUZ CRUZ; LARISSA PORT,

*Intervenor Defendants-Appellees.*

On Appeal from the United States District Court for the Western District of Oklahoma – Oklahoma City, Hon. David L. Russell, Case No. 5:26-cv-00582-R

# MOTION TO DISMISS OF THE MOORE INTERVENOR DEFENDANTS-APPELLEES

Ryan Leonard
Heidi J. Long
Heather Hendricks
LEONARD, LONG & CASSIL, PLLC
6301 N. Western Ave., Suite 250
Oklahoma City, OK 73118
(405) 702-9900

Pratik A. Shah
Kristen E. Loveland
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006
Phone: (202) 887-4000
pshah@akingump.com

*Counsel for Intervenor Defendants-Appellees Cricket Moore, Cathleen Tichenor, Daniel Hensley, Luz Cruz, and Larissa Port*

## TABLE OF CONTENTS

STATEMENT OF RELATED CASES ........ 1

INTRODUCTION ........ 1

BACKGROUND ........ 2

A. Factual Background ........ 2

B. Procedural Background ........ 3

THE BOARD LACKS STANDING TO APPEAL ........ 6

CONCLUSION ........ 10

CERTIFICATE OF COMPLIANCE ........ 11

CERTIFICATE OF DIGITAL SUBMISSION ........ 12

CERTIFICATE OF SERVICE ........ 13

# TABLE OF AUTHORITIES

**CASES:**

*Deposit Guar. Nat'l Bank v. Roper*,
445 U.S. 326 (1980) ........ 6, 7

*Drummond ex rel. State v. Oklahoma Statewide Virtual Charter Sch. Bd.*,
558 P.3d 1 (Okla. 2024) ........ 2, 3, 4, 5

*Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs., Inc.*,
488 F.3d 88 (2d Cir. 2007) ........ 8

*Espinoza v. Montana Dep't of Revenue*,
591 U.S. 464 (2020) ........ 5

*Oklahoma Statewide Charter Sch. Bd. v. Drummond ex rel. Okla.*,
605 U.S. 165 (2025) ........ 2

*Peterson v. Martinez*,
707 F.3d 1197 (10th Cir. 2013) ........ 8

*Powell v. Washington Metro. Area Transit Comm'n*,
466 F.2d 466 (D.C. Cir. 1972) ........ 7

*Shepard v. Rangel*,
730 F. App'x 610 (10th Cir. 2018) ........ 6

*Thomas v. Metropolitan Life Ins. Co.*,
631 F.3d 1153 (10th Cir. 2011) ........ 6

*United States v. Jereb*,
882 F.3d 1325 (10th Cir. 2018) ........ 8

*United States v. Robinson*,
993 F.3d 839 (10th Cir. 2021) ........ 8

*Wicks v. County of Laramie*,
36 F.3d 1106 (10th Cir. 1994) ........ 9

*Wilder v. Turner*,
490 F.3d 810 (10th Cir. 2007) .......... 5

**STATUTE:**

OKLA. STAT. tit. 70,
§ 3-130 *et seq.* .......... 2
§ 3-132.1(A) .......... 2
§ 3-132.2(C)(1) .......... 2
§ 3-136(A)(2) .......... 2

**OTHER AUTHORITY:**

Tenth Cir. R.
27.1 .......... 1
27.3(A)(1)(a) .......... 1

## STATEMENT OF RELATED CASES

There are no prior or related appeals.

## INTRODUCTION

This appeal presents a threshold jurisdictional defect warranting dismissal. It arises out of a suit by Plaintiffs seeking to preliminarily enjoin the denial of their charter school application on religious grounds. The individual members of the Oklahoma Statewide Charter School Board ("the Board"), nominally the named defendants, appeal from a preliminary injunction that the Board expressly asked the district court to enter, on the very legal theory the Board asked the district court to accept. The Board told the district court to "grant Plaintiffs' motion for preliminary injunction," maintained that an injunction was "necessary," and argued that Plaintiffs' proposed school could not constitutionally be excluded from Oklahoma's charter-school program because of its religious character. The district court agreed and granted the requested injunction. Having obtained precisely the relief it sought in tandem with Plaintiffs, the Board is not "aggrieved" by the order and therefore lacks standing to appeal it—presumably to seek its *affirmance*. This Court should accordingly "dismiss the entire case for lack of appellate jurisdiction," pursuant to Tenth Circuit Rule 27.3(A)(1)(a).[1]

---

[1] Pursuant to Tenth Circuit Rule 27.1, the Moore Intervenor Defendants-Appellees conferred with counsel for the other parties regarding the relief requested

## BACKGROUND

### A. Factual Background

The Oklahoma Charter Schools Act ("OCSA"), OKLA. STAT. tit. 70, § 3-130 *et seq.*, governs the establishment and operation of public charter schools in Oklahoma. The OCSA defines a charter school as a "public school established by contract" with an authorized sponsor. *Id.* § 3-132.2(C)(1). For virtual charter schools, the Board has the "sole authority" to serve as sponsor. *Id.* § 3-132.1(A).

Like other Oklahoma public schools, public charter schools must be "nonsectarian in [their] programs, admissions policies, employment practices, and all other operations." OKLA. STAT. tit. 70, § 3-136(A)(2). In 2023, the Board's predecessor nonetheless approved an application to establish a public virtual charter school that would "fully incorporate[]" Catholic teachings "into every aspect of the [s]chool." *Drummond ex rel. State v. Oklahoma Statewide Virtual Charter Sch. Bd.*, 558 P.3d 1, 7 (Okla. 2024). The Oklahoma Supreme Court held that establishing such a Catholic public charter school "violate[d] state and federal law and [wa]s unconstitutional." *Id.* at 15. A divided United States Supreme Court affirmed in a one-sentence *per curiam* opinion. *Oklahoma Statewide Charter Sch. Bd. v. Drummond ex rel. Okla.*, 605 U.S. 165 (2025).

---

in this motion. Plaintiffs and the Board Defendants oppose the motion. The Kaiman Intervenor Defendants-Appellees support dismissal of the appeal.

Against that legal backdrop, in December 2025, the National Ben Gamla Jewish Charter School Foundation, Inc., ("Ben Gamla") and its founder, Peter Deutsch, applied to the Board to establish the Ben Gamla Jewish Charter School as a virtual religious charter school. D. Ct. ECF No. 121 ("Order"), at 6. Ben Gamla proposed to provide a "rigorous academic education" alongside "instruction in Jewish religion, culture, values, rituals, texts, holidays, and practices." *Id.*

According to Plaintiffs, the Board denied Ben Gamla's application because of the school's proposed religious character. Order 6. The Board made express its "discontent" with having to deny the application, but concluded that its "hands [we]re tied" by the Oklahoma Supreme Court's decision in *Drummond*. D. Ct. ECF No. 63 ("Board Resp."), at 8.

**B. Procedural Background**

Following the Board's denial of their charter-school application, Ben Gamla and Deutsch filed this action. They alleged, among other things, that the OCSA's nonsectarian requirement violates the Free Exercise Clause by discriminating against religious institutions. Order 6. Plaintiffs sought a preliminary injunction barring enforcement of that requirement against Ben Gamla. *Id*. at 1, 6-7. The suit

named as defendants the individual members of the Board (in their official capacities). D. Ct. ECF No. 1.[2]

Because the Board supported Plaintiffs' suit, however, there was a "lack of adverseness amongst the existing parties." D. Ct. ECF No. 89, at 8. The district court thus permitted two groups to intervene as defendants in defense of the Board's denial. Order 7. The Moore Intervenor Defendants-Appellees, families with children attending charter schools, argued that Oklahoma charter schools are public schools and therefore may not promote religion. *Id.* The Kaiman Intervenor Defendants-Appellees, taxpayers who attend or have children attending public schools, argued principally that Oklahoma charter schools are state actors and therefore cannot assert a Free Exercise claim. *Id.*

As noted, the Board did not defend its denial of Ben Gamla's application. It instead affirmatively asked the district court to "*grant* Plaintiffs' motion for preliminary injunction." Board Resp. 17 (emphasis added). The Board explained that "[a]n injunction [wa]s necessary for Board Members to comply with their oath of office" because, absent federal judicial relief, *Drummond* left the Board "powerless" to do anything but "continue its discrimination against religious

[2] Although the Board itself was not named a defendant (presumably due to state sovereign immunity), this brief refers to the Board member defendants as "the Board" for short.

applicants." *Id.* (formatting omitted). The Board thus "t[ook] the same position here that it took before the Oklahoma Supreme Court and the United States Supreme Court in *Drummond*: that the Oklahoma Charter Schools Act's religious exclusion violates the Free Exercise Clause." *Id.* at 13-14.

The Board accordingly joined Plaintiffs in arguing that each of the preliminary-injunction factors favored relief. As to likelihood of success, the Board emphasized that it was "beyond cavil that [a federal court is] not bound by a state court interpretation of federal law." Board Resp. 9 (alteration in original) (quoting *Wilder v. Turner*, 490 F.3d 810, 814 (10th Cir. 2007)). The district court instead was required, the Board argued, to apply decisions of the United States Supreme Court, including *Espinoza v. Montana Department of Revenue*, 591 U.S. 464 (2020). *Id.* at 11. Under that precedent, the Board maintained, Ben Gamla was "a private actor" that could "not be excluded from a generally available public benefit simply because it is religious." *Id.* at 16. And because "[i]n First Amendment cases, the likelihood of success on the merits will often be the determinative factor," the Board argued that "Ben Gamla me[t] the remaining requirements for a preliminary injunction" as well. *Id.* at 16-17.

The district court agreed and granted the very injunction the Board had requested alongside Plaintiffs. Accepting the Board's position, the court concluded that Ben Gamla was a "private" actor and that Oklahoma therefore could not

"expressly discriminate[] against" Ben Gamla "by disqualifying [it] from a public benefit solely because of [its] religious character." Order 28. The court further concluded that, because "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," Plaintiffs satisfied the remaining preliminary-injunction requirements. *Id.* at 29.

The Board thus obtained precisely the relief it had invited. Yet on October 23, 2026, the Board filed a notice of appeal from the district court's order granting that relief. D. Ct. ECF No. 125 (appeal docketed Oct. 26, 2026). None of the intervenor-defendants appealed.

**THE BOARD LACKS STANDING TO APPEAL**

"[T]o have standing on appeal, one must be aggrieved by the order from which appeal is taken." *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011) (alterations omitted). But "[a] party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980); *see also Shepard v. Rangel*, 730 F. App'x 610, 613 (10th Cir. 2018) (dismissing appeal from order that "afforded [appellant] all the relief he had requested").

That rule forecloses the Board's standing to appeal. The Board did not merely acquiesce in the preliminary injunction below. It expressly asked the district court to "*grant* Plaintiffs' motion for preliminary injunction." Board Resp. 17 (emphasis

added). It insisted that "[a]n injunction [wa]s *necessary* for Board Members to comply with their oath of office." *Id.* (emphasis added) (formatting omitted). And it supplied the legal basis for granting that relief, arguing that Ben Gamla was "a private actor" that could "not be excluded from a generally available public benefit simply because it is religious." *Id.* at 16.

The district court gave the Board precisely what it requested. It granted Plaintiffs' motion for a preliminary injunction, and it did so on the very theory the Board had advanced alongside Plaintiffs, concluding that Ben Gamla was a "private" actor that could not be excluded from a public benefit because of its religious character. Order 28. The Board therefore has no adverse judgment from which to appeal. *See Roper*, 445 U.S. at 333; *cf. Powell v. Washington Metro. Area Transit Comm'n*, 466 F.2d 466, 468 (D.C. Cir. 1972) (explaining that, even when a disposition is "achieved on a ground different from that which [a party] urged," the party can have "no quarrel with [a] disposition" that "she 'supports'").

The fact that the Board is formally subject to the injunction does not change that conclusion. The Supreme Court has explained that the rule barring a prevailing party from appealing is "one of federal appellate practice," derived from "the statutes granting appellate jurisdiction and the historic practices of the appellate courts." *Roper*, 445 U.S. at 333. Thus, whatever Article III interest the Board might otherwise claim from being subject to an injunction, it is not "aggrieved" by an

injunction that it expressly asked the district court to enter. The analogous rule governing consent injunctions reflects the same principle: appellate review is "'generally unavailable' since the parties are held to have waived any objection to issues included in the injunction." *Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs., Inc.*, 488 F.3d 88, 92 (2d Cir. 2007).

The separate but related invited-error doctrine underscores the problem with the Board's appeal. A party may not argue on appeal "that the district court erred in adopting a proposition that the party had urged the district court to adopt." *Peterson v. Martinez*, 707 F.3d 1197, 1208 (10th Cir. 2013); *see also United States v. Jereb*, 882 F.3d 1325, 1338 (10th Cir. 2018) ("The invited-error doctrine prevents a party who induces an erroneous ruling from being able to have it set aside on appeal."). Such errors are treated as "waived," and this Court therefore "do[es] not review them at all." *United States v. Robinson*, 993 F.3d 839, 850 (10th Cir. 2021).

That doctrine confirms that there is nothing for this Court to adjudicate at the Board's behest. The Board urged the district court to grant a preliminary injunction because it believes the OCSA's exclusion of religious charter schools violates the Free Exercise Clause. The district court did exactly that, and the Board cannot now contend that the court erred by adopting the position the Board advocated. And if the Board cannot challenge that ruling, its only permissible position on the merits is the same one Plaintiffs would advance *as appellees*: that the injunction should stand.

Indeed, that is exactly what the Board presumably seeks on appeal: an *affirmance* of the district court's judgment.

Federal appellate jurisdiction, however, presupposes an actual adversarial dispute. *See Wicks v. County of Laramie*, 36 F.3d 1106 (10th Cir. 1994) (table) ("[T]he exercise of federal jurisdiction must be premised on an ongoing adversarial relationship between the parties."). Where, as here, the judgment is "not adverse to [the appellant's] interests," *id*., the appellant has no cognizable grievance for this Court to resolve. Because the Board obtained the very injunction it requested alongside Plaintiffs and cannot appeal the district court's adoption of a position the Board itself urged, this Court should dismiss the appeal.

## CONCLUSION

This Court should dismiss the Board's appeal for lack of appellate jurisdiction.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Pratik A. Shah*

Pratik A. Shah
Kristen E. Loveland
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006
Phone: (202) 887-4000

Ryan Leonard
Heidi J. Long
Heather Hendricks
LEONARD, LONG & CASSIL, PLLC
6301 N. Western Ave., Suite 250
Oklahoma City, OK 73118
(405) 702-9900

*Counsel for Intervenor Defendants-Appellees Cricket Moore, Cathleen Tichenor, Daniel Hensley, Luz Cruz, and Larissa Port*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) and Tenth Circuit Rule 27.3(B)(3). The motion contains 1,933 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Tenth Circuit Rule 32(B).

2. This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1). The motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type style.

*/s/ Pratik A. Shah*
Pratik A. Shah

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that (1) all required privacy redactions have been made; and (2) the electronic submission was scanned for viruses and found to be virus-free.

*/s/ Pratik A. Shah*
Pratik A. Shah

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I caused the foregoing to be filed with this Court and served on all parties via the Court's CM/ECF filing system.

*/s/ Pratik A. Shah*
Pratik A. Shah