**No. 26-6166**

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC. et al.,

*Plaintiffs-Appellees*,

v.

BRIAN T. SHELLEM, in his official capacity as Chairman of the Oklahoma Statewide Charter School Board, et al.,

*Defendants-Appellants*.

and

RABBI DANIEL KAIMAN et al.,

*Intervenors-Defendants-Appellees*.

and

CRICKET MOORE et al.,

*Intervenors-Defendants-Appellees*.

On Appeal from the United States District Court
for the Western District of Oklahoma
Case No. 5:26-CV-00582-R — Hon. David L. Russell

## Motion to Suspend Merits Briefing by Intervenors-Defendants-Appellees Rabbi Daniel Kaiman, Bradley Archer, Erika DuBose, Sydney Gebhardt, Kara Joy McKee, Michele Medley, and Gene Perry

Brent Rowland
OKLAHOMA APPLESEED CENTER FOR LAW & JUSTICE
624 S. Denver Ave., Suite 400
Tulsa, OK 74119
(918) 519-5750
*brent@okappleseed.org*

Alex J. Luchenitser
Lauren Schoen*
AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-7306
*luchenitser@au.org*
*schoen@au.org*
*Admitted in Texas, not D.C.

(Additional counsel listed on signature page.)

## INTRODUCTION

Per Tenth Circuit Rule 27.3(C), intervenors-defendants-appellees Rabbi Daniel Kaiman et al. ("Kaiman Intervenors") move to suspend briefing on the merits in this case. Three motions to dismiss this appeal for lack of appellate jurisdiction are now pending. The motions argue that the appeal is moot and that the appellants did not have standing to bring it because they consented to the ruling below. Suspending merits briefing until the Court adjudicates the motions would prevent wasteful expenditures of judicial and litigation resources by the Court, by the five sets of parties to this litigation, and by numerous potential amici. It would also better position the Court and the parties to ensure that any merits briefing that ultimately proceeds (should the motions be denied) is as helpful to the Court as possible. And a suspension of merits briefing would not harm any party.

## 10TH CIR. R. 27.1 STATEMENT

Plaintiffs-appellees National Ben Gamla Jewish Charter School Foundation and Peter Deutsch oppose this motion. Defendants-appellants members of the Oklahoma Statewide Charter School Board are unopposed. Intervenors-defendants-appellees Cricket Moore et al.

support the relief requested by the motion. So does Oklahoma Attorney General Gentner Drummond, who was dismissed as a defendant below and has moved for leave to appear before this Court.

## BACKGROUND

Plaintiffs-appellees National Ben Gamla Jewish Charter School Foundation and Peter Deutsch (collectively, "Ben Gamla") challenge the constitutionality of an Oklahoma statute (Okla. Stat. tit. 70, § 3-136(A)(2)) that prohibits public charter schools from teaching a religious curriculum. (A33–37.)* In a case involving different plaintiffs, the Oklahoma Supreme Court upheld that statute (*Drummond ex rel. State v. Okla. Statewide Virtual Charter Sch. Bd.*, 558 P.3d 1, 14–15 (Okla. 2024)), and the U.S. Supreme Court affirmed the Oklahoma Supreme Court's judgment by a 4–4 vote, without issuing an opinion, after Justice Barrett recused herself (*Okla. Statewide Charter Sch. Bd. v. Drummond ex rel. Oklahoma*, 605 U.S. 165, 166 (2025)). Ben Gamla then applied to open a virtual public charter school in Oklahoma that would teach a religious curriculum. (A26, A39–110.) Defendant-

---

* All record citations are to the appendix to Kaiman Intervenors' Motion to Dismiss Appeal for Lack of Appellate Jurisdiction (ECF No. 26), and that motion contains a fuller discussion of the facts.

appellant members of the Oklahoma Statewide Charter School Board (collectively, "the Board") denied the application. (A115–16, A137, A218–19.)

Ben Gamla then filed this lawsuit and moved for a preliminary injunction to prohibit the Board from enforcing the challenged statute. (A16, A138–72.) The Board consented to and vigorously advocated in favor of the injunction. (A291, A341, A348–57.) Kaiman Intervenors—a predominantly Jewish group composed of Oklahoma public-school parents, taxpayers, a rabbi, and a public-school teacher—moved to intervene to defend Oklahoma's requirement that public charter schools be secular and open to all. (A173–201, A239–64.) Moore Intervenors—a group of charter-school parents—likewise moved to intervene to defend the constitutionality of the challenged statute. (A366–424.)

The district court granted the preliminary injunction, as well as the motions to intervene. (A521, A778.) The district court also ruled that an appeal of the injunction would stay discovery. (A777.) The district court further dismissed Oklahoma Attorney General Gentner Drummond from the case as an improper defendant. (A531.)

The Board then denied Ben Gamla's charter-school application based on grounds unrelated to Ben Gamla's religious nature. (A799–800, A806–07, A809, A818 n.5.) Ben Gamla told the Board that it would withdraw the application if the Board did not reverse that denial. (A813.) Ben Gamla also urged the Board to appeal the preliminary injunction. (A812–13.) The Board did not reverse its denial of the charter application. (A831–32.) Yet, at Ben Gamla's request, the Board concurrently appealed the preliminary injunction that it had passionately supported. (A832–33, A836–38.) No other party filed an appeal or a cross-appeal.

The Board's appeal was docketed on October 26, 2026. (ECF No. 1-1.) On November 6, 2026, Attorney General Drummond filed a motion for leave to appear on appeal and to dismiss the appeal for lack of jurisdiction, arguing that the Board lacks the right to appeal an injunction to which it consented. (ECF No. 13-1.) On the same day, Moore Intervenors filed a motion to dismiss the appeal on the same ground. (ECF No. 15-1.) On November 8, 2026, Kaiman Intervenors filed a motion to dismiss the appeal, both on that basis and on the basis that the appeal is moot. (ECF No. 26.) Kaiman Intervenors oppose this

appeal as an improper attempt by the Board and Ben Gamla to (1) obtain appellate precedent legalizing religious public charter schools in the absence of a live and genuine controversy and (2) avoid discovery.

Tenth Circuit Rule 27.3(C), entitled "Briefing stopped," provides that the filing of a motion to dismiss for lack of appellate jurisdiction "suspends the briefing schedule unless the court orders otherwise." On November 9, 2026, the Court issued a briefing letter setting December 21, 2026, as the deadline for the appellants' opening merits brief. (ECF No. 29-2.) On November 16, 2026, in an order concerning briefing on the pending motions to dismiss, the Court stated, "The court has not suspended briefing on the merits in this matter. The opening brief and appendix remain due on or before December 21, 2026." (ECF No. 37 at 2.) Aside from a one-paragraph request in the Attorney General's motion to dismiss (ECF No. 13-1 at 9–10), no party has yet presented to the Court any argument on whether merits briefing should be suspended during the pendency of the motions to dismiss.

## ARGUMENT

The Court should suspend merits briefing now, both to save judicial and litigation resources and to facilitate this appeal proceeding (if it is to proceed at all) in an orderly manner.

First, Rule 27.3 "exists as means to improve judicial economy and 'moot issues that would otherwise need to be briefed.'" *United States v. Winter Rose Old Rock*, 76 F.4th 1314, 1318 (10th Cir. 2023) (quoting *United States v. Clayton*, 416 F.3d 1236, 1238 (10th Cir. 2005)). Suspending merits briefing here would prevent the Court from unnecessarily spending its resources on the merits of the case when the appeal should be dismissed for lack of jurisdiction in the first place. Suspending briefing would also prevent the parties from unnecessarily expending litigation resources briefing the merits of the appeal. And the savings of litigation resources would be considerable, as there are *five* separately represented sets of parties to this appeal (counting Attorney General Drummond, whose motion for leave to appear is pending).

Moreover, suspending briefing would avoid substantial unnecessary expenditures of resources by non-parties on amicus briefs. *Forty-six* merits-stage amicus briefs were filed before the U.S. Supreme

Court when it considered the constitutionality of religious charter schools in *Drummond*, 606 U.S. 165. *See* Docket, *Drummond*, No. 24-394, https://perma.cc/9A2L-KWKY. While there are typically less amicus briefs filed at the circuit-court stage than before the Supreme Court, many of the groups who filed amicus briefs in *Drummond* will likely wish to file in this case as well.

If the Court ultimately denies the motions to dismiss, a suspension of briefing would still help this appeal proceed in an orderly manner. The Court would be able to include in its ruling on those motions guidance on whether the merits briefing should address the jurisdictional issues further or should exclusively be devoted to the substantive merits of the case. The Court and the parties would also be better positioned to determine whether the briefing sequence should be modified to take into account the unusual alignment of the parties here: (1) the plaintiff-appellant Board filed this appeal and wants it to proceed even though the Board's position is that the statute preliminarily enjoined below is unconstitutional; (2) plaintiff-appellee Ben Gamla likewise wants the appeal to proceed even though Ben Gamla also takes the position that the challenged statute is

unconstitutional; (3) defendants-appellees Kaiman Intervenors and Moore Intervenors are of the view that the appeal is improper but that the challenged statute is constitutional; and (4) Attorney General Drummond also believes that the appeal is improper but apparently does not intend to take a position before this Court on the constitutionality of the challenged statute (*see* ECF No. 13-1 at 5).

Finally, suspension of the merits briefing would not inflict any prejudice on any party. If anything, it would result in the appealed preliminary injunction—which both Ben Gamla and the Board sought—remaining in place longer. And no party other than Ben Gamla opposes suspension of briefing.

**CONCLUSION**

For the foregoing reasons, Kaiman Intervenors respectfully ask that the Court suspend briefing on the merits in this case.

Respectfully submitted,

s/ *Alex J. Luchenitser*

Brent Rowland
OKLAHOMA APPLESEED CENTER FOR LAW & JUSTICE
624 S. Denver Ave., Suite 400
Tulsa, OK 74119
(918) 519-5750
*brent@okappleseed.org*

Daniel Mach
Heather L. Weaver
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 675-2330
*dmach@aclu.org*
*hweaver@aclu.org*

Samuel T. Grover
FREEDOM FROM RELIGION FOUNDATION
PO Box 750
Madison, WI 53701
(608) 256-8900
*sgrover@ffrf.org*

Alex J. Luchenitser
Lauren Schoen*
AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-7306
*luchenitser@au.org*
*schoen@au.org*
*Admitted in Texas, not D.C.

Jessica Levin
EDUCATION LAW CENTER
60 Park Place, Suite 300
Newark, NJ 07102
(973) 624-1815
*JLevin@edlawcenter.org*

*Counsel for* Intervenors-Defendants-Appellees Daniel Kaiman et al.

Date: November 18, 2026.

## CERTIFICATIONS OF COUNSEL

1. **Word Count.** This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Rule 32(f), it contains 1,444 words.

2. **Typeface/Type-style.** This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Word Office 16 in Century Schoolbook, a proportionally spaced font, in a size measuring 14 points or larger.

3. **Privacy Redactions.** All privacy redactions have been made in compliance with Tenth Circuit Rule 25.5.

4. **Hard Copies.** This electronic filing is identical to any hard copies of this motion that may need to be submitted.

Date: November 18, 2026.

s/ *Alex J. Luchenitser*
AMERICANS UNITED FOR
SEPARATION OF CHURCH AND
STATE
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-7306
*luchenitser@au.org*